I concur with the majority's decision finding plaintiff's injury to his right fourth and fifth fingers compensable and finding that plaintiff has failed to prove ongoing disability. However, I respectfully disagree with the majority's decision finding plaintiff's carpal boss injury, carpal tunnel syndrome, and scaphoid condition compensable, ordering defendants to pay temporary total disability benefits from October 10, 2005 through November 27, 2006, and finding that plaintiff made no material misrepresentations to defendants, medical providers, or the Industrial Commission.
When taking into account all the competent, credible testimony and evidence, I believe the opinions of Drs. Edward and Szura as to the cause of plaintiff's wrist conditions should be given greater weight than those of Drs. Wooten and Moore. Dr. Edwards, who is a board certified orthopedist with a special qualification in hands, saw plaintiff soon after the accident. Dr. Edwards confirmed that plaintiff's recitation of the mechanism of the accident to him was different than that which plaintiff reported to the emergency room. Further, plaintiff had no bruising or contusions to his wrist area and made no complaints of wrist pain upon presentation at the emergency room. Dr. Edwards opined that there was a legitimate question as to the cause of the carpal boss condition. Less weight should be given to Dr. Moore's testimony as he did not evaluate plaintiff until a year and a half after the incident. *Page 18 
I further believe defendants were reasonable in their attempts to seek suspension of benefits and clarification of the Order reinstating benefits. Executive Secretary Weaver suspended plaintiff's benefits on October 10, 2005. This Order was not modified until February 8, 2006. Defendants immediately filed a Motion for Reconsideration based on evidence justifying a suspension of benefits revealed during plaintiff's pre-hearing deposition. The evidentiary hearing took place on February 21, 2006. Defendants' Motion for Reconsideration was not ruled upon until April 3, 2006. Thereafter, defendants immediately filed a Motion for Clarification as to how much benefits were owed as testimony and evidence that came to light following plaintiff's deposition and at the evidentiary hearing called into question the amount of indemnity owed plaintiff. The Motion for Clarification was not ruled upon by the Deputy Commissioner until the filing of the Opinion and Award on September 27, 2007. Since there was a valid Motion pending, defendants were not under an obligation to reinstate benefits until that Motion was ruled upon which did not occur until September 27, 2007. Therefore, defendants were reasonable in their actions.
Contrary to the majority's opinion, I believe the evidence in whole shows that plaintiff made many and repeated material misrepresentations to defendants, medical providers, and the Industrial Commission. For example, plaintiff testified that he made no sales from his business from April 2005 through June 2005. However, video surveillance clearly shows plaintiff making at least 10 cash sales and 2 credit card sales at a gun show during this time period. Any earnings from these sales, which plaintiff denied occurred were not reported to defendants or the IRS. Also, CPA Whitt reviewed plaintiff's business bank records, which clearly showed plaintiff did in fact make sales during this time period. Another example is the material misrepresentations plaintiff made to Dr. Moore regarding the severity of his wrist pain. Dr. Moore was clearly *Page 19 
surprised at the extent of plaintiff's abilities shown in surveillance, which contradicted plaintiff's reports of substantial pain.
For these reasons, I believe plaintiff's wrist conditions are not compensable, defendants were not unreasonable in their attempts to suspend plaintiff's benefits, and plaintiff made material misrepresentations to defendants, medical providers, and the Industrial Commission and should be subjected to sanctions under N.C. Gen. Stat. § 97-88.2.
 S/______________________ DIANNE C. SELLERS COMMISSIONER *Page 1